UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

DR. MING-LIANG LEE and YAHWEI LIAO LEE,

Plaintiffs,

-against-

**ANSWER**

RICHARD SCHRAGGER, SCHRAGGS CORP., D/B/A SUBWAY, and LUIS FERRELL, A SCHRAGGS CORP. EMPLOYEE,

08 CIV. 3421 (DC)

Defendants.

-----------------------------------------------------------------X

Defendants Richard Schragger, Schraggs Corp., d/b/a Subway, and Luis Ferrell, a Schraggs. Corp. Employee, by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint but state that defendants Richard Schragger and Luis Ferrell are New York residents and defendant Schraggs Corp. is a New York domestic business corporation and refer all matters of law to the Court.

SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

FOURTH: Defendants admit the truth of the allegations contained in paragraph "4" of the Complaint.

FIFTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint but state that defendant Schraggs Corp. is a New York domestic business corporation and refer all matters of law to the Court.

SIXTH: Defendants admit the truth of the allegations contained in paragraph "6" of the Complaint.

**WITH RESPECT TO THE FIRST CAUSE OF ACTION**

SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint but state that on March 7, 2008, Richard Schragger was the president of Schraggs Corp, located at 32 West 39th Street, New York, New York, doing business as a Subway sandwich shop, and refer all matters of law to the Court.

EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint but state that on March 7, 2008, Richard Schragger was the president of Schraggs Corp, located at 32 West 39th Street, New York, New York, doing business as a Subway sandwich shop, and refer all matters of law to the Court.

NINTH: Defendants admit the truth of the allegations contained in paragraph "9" of the Complaint.

TENTH: Defendants deny the truth of each and every allegation contained in paragraph "10" of the Complaint.

ELEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint but state that on March 7, 2008, defendant Schraggs Corp. delivered certain food items to customers in New York County and refer all matters of law to the Court.

TWELFTH: Defendants deny the truth of each and every allegation contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint but state that on March 7, 2008, defendant Schraggs Corp. utilized the internet domain name www.callsubway.com for the purpose of soliciting customers and refer all matters of law to the Court.

FOURTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint but state that on March 7, 2008, employees of defendant Schraggs Corp. delivered certain food items, via bicycle, to customers and refer all matters of law to the Court.

FIFTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint but state that on March 7, 2008, defendant Luis Ferrell was an employee of Schraggs Corp. and refer all matters of law to the Court.

SIXTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "16" of the Complaint.

SEVENTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint but state that on March 7, 2008, defendant Luis Ferrell was an employee of Schraggs Corp. and refer all matters of law to the Court.

EIGHTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint but state that on March 7, 2008, defendant Luis Ferrell was delivering Subway food, via bicycle, to his employer's customers and refer all matters of law to the Court.

NINETEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint but state that on March 7, 2008, defendant Luis Ferrell was delivering Subway food, via bicycle, to his employer's customers in Manhattan and refer all matters of law to the Court.

TWENTIETH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and refer all matters of law to the Court.

TWENTY-FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint and refers all matters of law to the Court.

TWENTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "22" of the Complaint.

TWENTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "23" of the Complaint.

TWENTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "24" of the Complaint.

TWENTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "25" of the Complaint.

**WITH RESPECT TO THE SECOND CAUSE OF ACTION**

TWENTY-SIXTH: With respect to the allegations contained in paragraph "26" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWENTY-FIFTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "27" of the Complaint.

TWENTY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "28" of the Complaint.

TWENTY-NINTH: Defendants deny the truth of each and every allegation contained in paragraph "29" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

THIRTIETH: Any injuries suffered by plaintiffs were caused by their own negligence and not by any negligence of the defendants.

**SECOND AFFIRMATIVE DEFENSE**

THIRTY-FIRST: Any injuries suffered by plaintiffs were caused, in part, by their own negligence, and any recovery by plaintiffs must be diminished in proportion to that part of their injuries attributable to their own negligence.

**THIRD AFFIRMATIVE DEFENSE**

THIRTY-SECOND: Any injuries suffered by plaintiffs were not caused by a negligent act or omission of the defendants or any individual acting under its direction or control.

**FOURTH AFFIRMATIVE DEFENSE**

THIRTY-THIRD: Plaintiffs failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

THIRTY-FOURTH: Defendants allege that the plaintiffs received remuneration and/or compensation for some or all of their claimed economic loss and that the defendants are entitled to have plaintiffs' award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules.

**SIXTH AFFIRMATIVE DEFENSE**

THIRTY-FIFTH: Defendants are entitled to the benefit of CPLR Article 14.

**SEVENTH AFFIRMATIVE DEFENSE**

THIRTY-SIXTH: If plaintiffs sustained any damages in this matter, which defendants deny, then defendants' liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

**EIGHTH AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH: That to the extent that the injuries and/or illnesses of plaintiffs, if any, were caused or contributed to, in whole or in part, by intervening and superseding factors, the claims of plaintiffs against the defendants should be barred.

**NINTH AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH: Plaintiff's Amended Complaint must be dismissed because it fails to state a cause of action upon which relief may be granted.

**TENTH AFFIRMATIVE DEFENSE**

THIRTY-NINTH: Any damages suffered by plaintiffs were based upon the culpable conduct of plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

FORTIETH: Defendant reserves all rights to add additional affirmative defenses which may be ascertained in the course of discovery in this action.

**WHEREFORE**, defendants demand judgment dismissing the Complaint herein, together with the costs and disbursements of this action and such other and further relief as this Court deems appropriate.

Dated: New York, New York
April 28, 2008

Yours, etc.,

LANDMAN CORSI BALLAINE & FORD P.C.

By: ______________________
Andrew P. Keaveney (AK-5718)
Attorneys for Defendants
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

TO: ROBINSON & YABLON
Attorneys for Plaintiffs
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

**MICHAEL S. GIOIA**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at PLAINVIEW, NEW YORK.

That on the 28th day of April, 2008, deponent served the within **ANSWER**

upon

ROBINSON & YABLON
Attorneys for Plaintiffs
232 Madison Avenue, Suite 1200
New York, New York 10016

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

Michael S. Gioia

Sworn to before me this
28th day of April, 2008

Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.
*Attorneys for*

*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on
at M.
Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.
*Attorneys for*

*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

Index No. 08 CV. 3421 (DC) Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MING-LIANG LEE and YAHWEI LIAO LEE,

Plaintiffs,

v.

RICHARD SCHRAGGER, SCHRAGGS CORP., D/B/A SUBWAY, and FERRELL, A SCHRAGGS CORP. EMPLOYEE,

Defendants.

**ANSWER**

Signature (Rule 130-1.1-a)

Print name beneath

LANDMAN CORSI BALLAINE & FORD P.C.
*Attorneys for* Defendant

*Office and Post Office Address, Telephone*
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800
FAX: (212) 238-4848

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

.....................................................................

Attorney(s) for

1500 – BlumbergExcelsior Inc., NYC 10013